# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 952 | **DATE** | 6/11/2002 |
| **CASE TITLE** | PAULA KUDLINSKI vs. CHICAGO HOUSING AUTHORITY, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Motion (5-2) for hearing is denied. Motion (7-1) for summary judgment is denied. Motion (7-2) to dismiss is granted/denied in part.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 1 2 2002 | |
| | Notified counsel by telephone. | | date docketed | 14 |
| ✓ | Docketing to mail notices. | | IS | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

PAULA KUDLINSKI,

　　Plaintiff,

v.

CHICAGO HOUSING AUTHORITY,
PHILLIP JACKSON, A. TISH MERCER,

　　Defendants.

No. 02 C 0952
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff, Paula Kudlinski, has brought a four count complaint against defendants Chicago Housing Authority ("CHA"), Phillip Jackson, and A. Tish Mercer. Her complaint alleges (1) retaliation; (2) deprivation of property and liberty interests without due process; (3) breach of contract; and (4) indemnification pursuant to 745 ILCS 10/9-102. Defendants have filed a motion to dismiss/alternative motion for summary judgment on all counts. Since I do not find that there is sufficient factual information in these pleadings to convert this motion to dismiss into a summary judgment motion, I decline to do so at this time.

**Background**

Ms. Kudlinski, a white female, was employed by CHA as a manager of Employee Benefits in August 1999. "Employee A," a white male, was Ms. Kudlinski's supervisor until Ms. Mercer, a black female, was hired and subsequently replaced "Employee A" as Ms. Kudlinski's supervisor. Ms. Kudlinski alleges that during her employment at CHA, Ms. Mercer was openly hostile to "Employee A" and made racial comments about him such as "people only like him

because he is white." Allegedly, Ms. Kudlinski expressed to Ms. Mercer that such comments were inappropriate and should not be repeated. In March of 2000, Ms. Mercer allegedly showed Ms. Kudlinski a drug test report indicating that "Employee A" has tested positive for drugs and told Ms. Kudlinski that she "couldn't wait to show the report to a member of the CHA Board." Ms. Kudlinski contends that she saw that Ms. Mercer had altered the document to falsely indicate that "Employee A" had tested positive for drugs and alleges that after telling "Employee A" about the allegedly false report, "Employee A" obtained a copy of the report directly from the drug testing center, and the report indicated that he had tested negative for drugs. Shortly after this incident, "Employee A" tendered his resignation and left CHA in April 2000. Ms. Kudlinski alleges that she found out about "Employee A's" resignation from Ms. Mercer, who informed her that "your confidante is gone and you have no white friends at the CHA." On May 11, 2000, Ms. Kudlinski attended a meeting unrelated to her employment at which she was told that she had been discharged (neither Ms. Kudlinski nor defendants indicate the given reason for the termination) and that because she was an at-will employee, no reason was required to terminate her. Ms. Kudlinski alleges that she was never informed of the decision to terminate her prior to this date and that following her termination, Ms. Mercer wrote a false and defamatory complaint to the CHA Inspector General accusing her of criminal activity which resulted in an investigation by the Cook County State's Attorneys Office. During the investigation, witnesses were interviewed and told of the allegations against Ms. Kudlinski. After the investigation was completed, no criminal charges were filed against Ms. Kudlinski.

**Standard**

Dismissal of a complaint is appropriate when "it appears beyond doubt that the plaintiff is unable to prove any set of facts which would entitle the plaintiff to relief." *Andrews v. Consolidated Rail Corp.*, 831 F.2d 678, 682 (7th Cir. 1987) (citation omitted). For the purpose of this motion, I must construe the complaint in the light most favorable to the plaintiffs and accept all facts alleged by plaintiffs as true. *See Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984).

**Retaliatory Discharge (Count I)**

To allege a case of retaliation in violation of Title VII of the Civil Rights Act of 1964, Ms. Kudlinski must show that (1) she challenged an unlawful employment practice; (2) she suffered an adverse employment action by CHA; and (3) there is a causal link between the protected expression and adverse action. *See Cullom v. Brown*, 208 F.3d 1035 (7th Cir. 2000). At issue is the third element, namely whether "the protected activity and the adverse action were not wholly unrelated." *Hunt-Golliday v. Metropolitan Water Reclamation District of Greater Chicago*, 104 F.3d 1004, 1014 (7th Cir. 1997) (citation omitted). Defendants argue that because approximately two months passed between the two events, plaintiff has cannot establish this element. While there is no specific amount of time which serves as a benchmark for defeating causation in retaliation cases, two months is not so large a time span to render Ms. Kudlinski's allegations insufficient to defeat a motion to dismiss.

Defendants rightly argue that Ms. Kudlinski inappropriately brings her retaliation claims against Ms. Mercer and Mr. Jackson as individuals, since Title VII limits liability to an "employer," who is defined by Title VII as "a person engaged in an industry affecting commerce

3

who has fifteen or more employees . . . and any agent of such a person[]." 42 U.S.C. §2000e(b). Hence, I am dismissing the retaliation claims against Ms. Mercer and Mr. Jackson but not against CHA, because Ms. Kudlinski has pled facts sufficient to satisfy all three elements of her retaliatory discharge claim.

**Deprivation of Due Process and Breach of Contract (Counts II and III)**

Defendants also argue that the remaining counts must be dismissed because Ms. Kudlinski did not have a protectible property interest in her employment with the CHA. Ms. Kudlinski maintains that CHA's employment handbook creates enforceable contract rights and thus a protectible property interest. Illinois recognizes that employment handbooks can create such rights "if the traditional requirements for contract formation are present." *Duldulao v. St. Mary of Nazareth Hospital Center*, 505 N.E.2d 314, 318 (Ill. 1987). Case law indicates that if an employee handbook provides for disciplinary procedures prior to termination of an employee and the language is promissory or mandatory, then a contract right exists. *See id.* On the other hand, if such language is discretionary, then a contract right does not exist and the employee is considered at-will. *See Peters v. Shell Oil Co.*, 77 F.3d 184, 188 (7th Cir. 1996). CHA's employee manual provides for a progressive disciplinary process that requires a pre-disciplinary meeting if a supervisor recommends suspension or termination. This meeting provides the employee with an opportunity to respond to the charges before final action is taken. It is undisputed that Ms. Kudlinski was not provided a pre-disciplinary meeting prior to her termination. Defendants, however, argue that the manual language is discretionary and provides "jump the queue" language allowing the progressive disciplinary process to be bypassed when

4

the offending conduct is extreme. After reading the manual language carefully, I find that the language is mandatory, for it provides that "[i]n each instance of employee failure, it is *imperative* that the manager/supervisor consistently apply correct disciplinary measures as outlined in the progressive disciplinary process" and that "the Human Resources Department *shall* conduct a pre-disciplinary meeting to provide the employee an opportunity to respond to the charges before *any* final action is taken." *Chicago Housing Authority Personnel Manual*, 64-65 (1996) (emphasis added). Additionally, I do not find any "jump the queue" language in the manual; rather, the manual provides for an acceleration of the progressive disciplinary process for gross misconduct, not a complete bypassing of it. I interpret this acceleration language as allowing CHA to skip initial steps in the progressive disciplinary process such as oral and written reprimand, but no language in the manual allows CHA to skip the pre-disciplinary meeting prior to suspension or termination. Thus, I find that Ms. Kudlinski may have a protectible property interest in her employment with CHA and deny defendants' motion to dismiss with respect to her deprivation of property interest without due process and breach of contract claims.

With regard to Ms. Kudlinski's deprivation of liberty interest without due process claim, the facts she alleges are not sufficient to defeat defendants' motion to dismiss. According to the facts as Ms. Kudlinski alleges them, Ms. Mercer falsely accused her of criminal conduct to the CHA Inspector General, which then resulted in an investigation by the Cook County State's Attorneys Office. It was during this investigation that other individuals as witnesses were told of these allegations against Ms. Kudlinski. It appears that the State's Attorneys Office made the information public, not defendants, and in order to prevail on this claim, Ms. Kudlinski must show that defendants actively participated in the dissemination of the information to the public.

*See Mitchell v. Glover*, 996 F.2d 164, 167 (7th Cir. 1993). Defendants' role in relaying this information to the State's Attorneys Office does not alone constitute such participation, since CHA has the right to investigate suspicions of criminal conduct by its employees. Without additional facts indicating that defendants played any other role in the dissemination of this information to the witnesses questioned by the State's Attorneys Office, I must dismiss this claim.

Defendants' motion to dismiss is granted with respect to the retaliatory discharge claim against Ms. Mercer and Mr. Jackson only and the deprivation of liberty interest without due process claim. Defendants' motion to dismiss is denied with respect to the retaliatory discharge claim against CHA, the deprivation of property interest without due process claim, and the breach of contract claim. Because federal law claims remain in this case, I am also denying defendants' motion to dismiss Ms. Kudlinski's indemnification claims.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: **JUN 1 1 2002**